## In re Petition for DISCIPLINARY ACTION AGAINST Donald B. DAVISON, a Minnesota Attorney, Registration No. 21568.

### No. A09–1087.

Supreme Court of Minnesota.

Oct. 22, 2009.

### ORDER

By order filed on July 2, 2008, the court publicly reprimanded respondent Donald B. Davison and placed him on two years of supervised probation. On June 18, 2009, the Director of the Office of Lawyers Professional Responsibility filed a petition for revocation of probation and for further disciplinary action, alleging that respondent failed to comply with the terms of the court's July 2, 2008, order and committed further professional misconduct, namely, failure to communicate with a client, failure to return client property, failure to comply with a court order requiring him to return the client's property, and failure to cooperate with the Director's investigation, in violation of Minn. R. Prof. Conduct 8.1(b), 1.3, 1.4(a)(3), 1.4(a)(4), 1.15(c)(4), 1.16(d), 3.2, and 3.4(c), and Rule 25, Rule on Lawyers Professional Responsibility (RLPR).

On June 19, 2009, respondent filed a petition for resignation from the bar pursuant to Rule 11, RLPR. Because Minnesota does not allow a lawyer to resign from the bar while disciplinary charges alleging serious misconduct are pending, *see In re Perez*, 688 N.W.2d 562, 567 (Minn.2004), respondent's petition was denied. The allegations of the petition for revocation of probation and for further disciplinary action were deemed admitted because respondent failed to file an answer. *See* Rule 13(b), RLPR. The parties were invited to submit briefs on the appropriate discipline to be imposed; however, only the Director filed a brief on the question of the appropriate discipline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Donald B. Davison is indefinitely suspended from the practice of law, effective 14 days from the date of filing of this order, with no right to petition for reinstatement for a minimum of six months from the date of this order. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page,
Associate Justice